**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JUAN ALBERTO LOPEZ-GONZALEZ, )<br>)<br>        **Petitioner,** )<br>)<br>v. )<br>)<br>JAMES RUDEK, Warden, )<br>)<br>        **Respondent.** ) | Case No. 08-CV-0578-CVE-FHM |

**OPINION AND ORDER**

Before the Court is the petition for writ of habeas corpus (Dkt. # 1), filed by Petitioner Juan Alberto Lopez-Gonzalez, a state inmate appearing pro se. Respondent filed a response (Dkt. # 6) to the petition. Petitioner filed a reply (Dkt. # 9). On July 12, 2011, Petitioner filed a motion for judgment (Dkt. # 10). For the reasons discussed below, the Court finds that the claim raised in the petition shall be denied. As a result of today's ruling, Petitioner's motion for judgment shall be declared moot.

As a preliminary matter, the Court notes that under federal law, the proper respondent is "the person having custody of the person detained." 28 U.S.C. § 2243; see also Rule 2(a), Rules Governing Section 2254 Cases. James Rudek, the warden at the facility where Petitioner is incarcerated, is the proper Respondent. Therefore, the Court Clerk shall be directed to add James Rudek, Warden, as the party respondent. The State of Oklahoma shall be dismissed from this action.

*BACKGROUND*

On February 11, 2005, Tulsa Police officers executed a search warrant at a residence located at 12727 East 40th Street, Apartment # 1412, Tulsa, Oklahoma. As they approached the apartment, the officers saw a man, later identified as Petitioner's co-defendant Ernesto Flores, leaving the

apartment with a large duffel bag. Flores was detained. Officers found thirteen (13) pounds of marijuana in the duffel bag. Petitioner was observed standing on the second-floor balcony of the apartment. He went into the apartment and refused to open the front door when officers knocked and announced their presence. Officers forced entry into the apartment and immediately detained Petitioner, a woman, and the woman's minor son. During the search of the apartment, officers recovered ten (10) counterfeit $100 bills, six (6) small envelopes containing what appeared to be an illegal substance, a single brick of marijuana, a semi-automatic handgun, two (2) sets of scales, empty plastic bags, and a substance commonly used to cut cocaine. The officers also recovered several bags of what was later confirmed to be cocaine, one of which was hidden inside a package of rice. From within the apartment, officers recovered a piece of mail with the label displaying Petitioner's name and the mailing address of the apartment. From the search of Petitioner's person, the officers recovered $4,747. An ammunition clip that fit the handgun found in the apartment was recovered from a yellow pickup truck. Petitioner later identified the pickup truck as his.

Based on those events, Petitioner was charged in Tulsa County District Court, Case No. CF-2005-793, with trafficking in illegal drugs (Count I), failure to obtain a drug tax stamp (Count II), unlawful possession of marijuana with intent to distribute (Count III), possession of a firearm while in commission of a felony (Count IV), and unlawful possession of paraphernalia (Count V). He was convicted by a jury of Counts I and III, but found not guilty of Count IV. He was also convicted of Count V at a simultaneous bench trial. Count II was dismissed prior to trial. Petitioner was sentenced to twenty (20) years imprisonment on Count I, and to two (2) years imprisonment and a fine of $5,000 on Count III, with the sentences on Counts I and III to be served consecutively. He was also sentenced to one (1) year in the county jail on Count V, to be served concurrently with

Count I. Petitioner was represented at trial by Assistant Public Defenders John Dalton, Anna Johnson, and Allen Malone.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA). Represented on appeal by attorney Stephen J. Greubel, Petitioner raised one (1) proposition of error, as follows:

> 1. The State failed to sustain its burden of proving that Appellant Lopez knowingly and intelligently waived his Fifth Amendment privilege.

See Dkt. # 6, Ex. 1. In an unpublished summary opinion, filed September 25, 2007, in Case No. F-2006-515, the OCCA rejected the claim and affirmed the judgment and sentence of the trial court. Dkt. # 6, Ex. 3.

On September 29, 2008, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). As his single ground of error, Petitioner raises the same claim raised on direct appeal. Id. In response to the petition, see Dkt. # 6, Respondent contends that the OCCA's decision to reject this claim was neither contrary to, nor based on an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). Respondent also argues that Petitioner has failed to present clear and convincing evidence that the factual findings underlying the OCCA's decision were incorrect. See 28 U.S.C. § 2254(e)(1).

*ANALYSIS*

**A. Standard of Review**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides that when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable

3

determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Further, the Supreme Court has recently held that "review under §2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, -- U.S. --, 131 S. Ct. 1388, 1398 (2011). Thus, "evidence introduced in federal court has no bearing on §2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of §2254(d)(1) on the record that was before that state court." Id. at 1400 (footnote omitted). In addition, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B. Petitioner is not entitled to habeas corpus relief**

In his petition (Dkt. # 1), Petitioner argues that the State failed to sustain its burden of proving that he knowingly and intelligently waived his rights under Miranda v. Arizona, 384 U.S. 436 (1966), prior to making incriminating statements. As discussed above, Petitioner raised the same claim on direct appeal. See Dkt. # 6, Ex. 1. Petitioner, whose native language is Spanish, asserted that he does not understand English and that the State did not meet its burden of proving that his waiver of his Miranda rights was knowing and intelligent because the State never produced for the trial court the Spanish language Miranda waiver form he purportedly signed. Id. In addition, he

4

complained that the State did not produce a witness or evidence to demonstrate that the Spanish language Miranda warning he was given was adequate. Id. at 10, 14. The OCCA adjudicated the claim as follows:

> Our review of a ruling on a motion to suppress evidence presents a mixed question of law and fact. When considering a motion to suppress, a trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate witness credibility. We therefore accept the factual determinations of the trial court so long as they are supported by competent and credible evidence. Whether the facts meet the appropriate legal standard is a question of law we review de novo. Jackson v. State, 2006 OK CR 45, ¶ 18, 146 P.3d 1149, 1157.
>
> We find there was sufficient evidence to support that Lopez-Gonzalez received proper Miranda warnings prior to his custodial interrogation and the statements he made were voluntarily given. The trial court's decision to deny the Motion to Suppress will not be disturbed.

Dkt. # 6, Ex. 3 at 2.

A suspect who has been advised of his rights against self-incrimination "may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly, and intelligently." Miranda, 384 U.S. at 444. Under Miranda, waiver of the right to counsel must be "voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception" and "made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." United States v. Brown, 287 F.3d 965, 973 (10th Cir. 2002). Both tests require a reviewing court to consider the totality of the circumstances, including the individual characteristics of the defendant. See United States v. McCullah, 76 F.3d 1087, 1101 (10th Cir. 1996); Brown, 287 F.3d at 973. A written waiver is not necessary in order for a court to find that the defendant knowingly and intelligently waived his Miranda rights. North Carolina v. Butler, 441 U.S. 369, 373-75 (1979). Likewise, it is not necessary for the accused to be read his

rights verbatim as stated in the Miranda opinion; the important inquiry is whether the warnings, however worded, conveyed to the accused his rights. California v. Prysock, 453 U.S. 355, 360-61 (1981).

The Tenth Circuit has expressly addressed the issue of Miranda waivers in the context of language barriers or difficulties. In United States v. Hernandez, 913 F.2d 1506 (10th Cir. 1990), the defendant was arrested incident to a traffic stop. The defendant told the arresting officer that he had poor knowledge of English. Id. at 1509. The officer asked a passenger in the defendant's car, who appeared to be under the influence of alcohol, to provide a Spanish translation of the defendant's Miranda rights. Id. Once the defendant had been advised of his rights in English and Spanish, the defendant stated that he understood them. Id. The defendant then made incriminating statements to the officer in English. Id. On appeal, the defendant challenged the admission of incriminating statements he made subsequent to being read his Miranda rights, claiming that his Miranda waiver was not knowingly and intelligently made. Specifically, the defendant claimed that the officer's translation of the defendant's Miranda rights into Spanish "was inadequate to enable him to intelligently waive them." Id. at 1510. The Tenth Circuit rejected the defendant's claim despite apparent ambiguities in the Spanish translation of the Miranda rights. The Tenth Circuit first noted that where a defendant claims that his Miranda waiver was not intelligent, the relevant inquiry is "whether the defendant knew that he did not have to speak to police and understood that statements provided to police could be used against him." Id. In addition, the question of whether the defendant knew of the "tactical advantage" of remaining silent was irrelevant to the question of whether the defendant knowingly and intelligently waived his Miranda rights. Id. The court explained that although language barriers could "inhibit a suspect's ability to knowingly and intelligently waive

6

his Miranda rights, when a defendant is advised of his rights in his native tongue and claims to understand such rights, a valid waiver may be effectuated." Id. Citing with approval a number of decisions from other circuits regarding imperfectly translated Miranda warnings, the Tenth Circuit held that "[t]he translation of a suspect's Miranda rights need not be a perfect one, so long as the defendant understands that he does not need to speak to police and that any statement he makes may be used against him." Id.

The Tenth Circuit has also explained that the ultimate question of whether the petitioner's waiver was knowing and intelligent is subject to review under the standards set forth in § 2254(d), and any subsidiary factual findings made by the state court are entitled to a presumption of correctness under § 2254(e). Valdez v. Ward, 219 F.3d 1222, 1231 (10th Cir. 2000). Thus whether the petitioner "understood his Miranda rights is a question of fact, which underlies the legal question of whether his waiver was knowing and intelligent." Id. (citations omitted).

Petitioner first raised the issue of whether he knowingly and intelligently waived his Fifth Amendment rights in his pretrial motion to suppress statement. The trial court held a hearing on the motion to suppress on December 13 and 19, 2005. At the hearing, Joshua Petree, an agent for the Federal Bureau of Alcohol, Tobacco, Firearms, and Explosives, who was the first officer who interviewed Petitioner after he was brought to the police station, testified that, although he cannot read and write Spanish fluently, he can speak Spanish conversationally. See Dkt. # 6, Ex. 4 at 6 (Trans. dated Dec. 13, 2005). Petree testified that Petitioner understood most of what Petree said in English, and Petree was only occasionally required to switch to Spanish in order to ensure Petitioner understood him. Id. at 8. Agent Petree testified that when he read Petitioner his Miranda rights in English, Petitioner understood them. Id. at 10. Petree further testified that Petitioner then

7

read the Spanish side of the Miranda waiver form and initialed and signed it. Id. at 10. After signing the waiver, Petitioner made incriminating statements to Agent Petree. Id. at 15. Approximately ten (10) minutes after Agent Petree began interviewing Petitioner, Tulsa Police Officer Frank Khalil entered the interview room. Officer Khalil testified that he is bilingual in Spanish and English. Id. at 30. He first spoke to Petitioner in English, and Petitioner could understand him. Id. at 36. Petitioner told Officer Khalil, however, that he preferred to speak in Spanish. Id. Khalil testified that he then went through Petitioner's Miranda rights with him in Spanish. Id. at 36-37, 45-53. The officers then proceeded to interview Petitioner, with Officer Khalil translating questions asked by Agent Petree. Id. at 38. During the interview, Petitioner made more incriminating statements. Id. at 38-39. After hearing the testimony presented at the hearing, the trial court denied Petitioner's motion to suppress. See Dkt. # 6, Ex. 5 (Trans. dated Jan. 3, 2006).

In this habeas action, Petitioner challenges the validity of his Miranda waiver on the grounds that it was not made knowingly and intelligently, claiming that he did not understand his rights due to his difficulty with the English language. As discussed above, however, two officers testified at the hearing on Petitioner's motion to suppress that they conveyed Petitioner's Miranda rights to him and that he understood them. Petitioner was informed by Agent Petree and Officer Khalil of his Miranda rights, in both English and Spanish, and the officers testified that Petitioner understood his rights and agreed to speak with them. See Dkt. # 6, Ex. 4 at 10, 36-37. Moreover, both of the officers who interviewed Petitioner testified that he understood English, though he preferred to converse in Spanish. Id. at 10, 36. Finally, both officers testified that Petitioner read and signed a Spanish language Miranda waiver form. Although Petitioner complains that the State never produced the waiver form which he had purportedly signed, both Agent Petree and Officer Khalil testified that

8

the form signed by Petitioner was misplaced and could not be located. See Dkt. # 6, Ex. 4 at 12, 40. Despite the State's inability to produce the signed form, the record reflects that Petitioner understood his rights and communicated that fact to the officers.

As discussed above, the Supreme Court has determined that a written waiver is not necessary in order for a court to find that the defendant knowingly and intelligently waived his Miranda rights. Butler, 441 U.S. at 373-75. Therefore, the State's inability to produce the written waiver did not prevent the trial court from finding that Petitioner's waiver was knowing and intelligent. Furthermore, in reaching the conclusion that Petitioner's statements were knowingly and voluntarily given, the OCCA determined there was sufficient evidence supporting the underlying factual determinations by the trial court. Under 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the habeas petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." Petitioner has attached to his reply five (5) statements, including his own statement in Spanish. See Dkt. # 9, attachments.[1] The statements support Petitioner's contention that he does not understand English. See id. However, nothing provided by Petitioner constitutes clear and convincing evidence that he did not understand the rights waiver which was both read to him in Spanish and provided to him in writing in the Spanish language. Therefore, Petitioner has failed to rebut the presumption of correctness applicable to the state courts' findings of fact.

---

[1] The Court notes that the statements attached to Petitioner's reply brief, see Dkt. # 9 at 12-16, were not presented to the OCCA when it determined this issue on direct appeal. See Dkt. # 6, Ex. 1. Pursuant to Pinholster, discussed herein, this Court may not consider this new evidence in resolving Petitioner's claims under § 2254(d)(1). Pinholster, 131 S.Ct. at 1400 (holding that "a federal habeas petitioner must overcome the limitation of §2254(d)(1) on the record that was before that state court").

Upon consideration of the record as discussed above, including the transcript of the hearing on Petitioner's motion to suppress, see Dkt. # 6, Exs. 4-5, the Court finds that Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). He is not entitled to habeas corpus relief.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall add James Rudek, Warden, as party respondent. The State of Oklahoma is **dismissed**.
2. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.
3. Petitioner's motion for judgment (Dkt. # 10) is **declared moot**.
4. A separate judgment shall be entered in this case.

**DATED** this 14th day of September, 2011.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT